```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KALIL PHILLIPS                        :    CIVIL ACTION
                                      :
            v.                        :
                                      :
MAYOR: MICHAEL NUTTER,                :
COMMISSIONER: LOUIS GIORLA,           :
THE WARDEN: MICHELLE FARRELL,         :
THE PHILADELPHIA PRISON SYSTEM,       :
CURRAN-FROMHOLD CORRECTIONAL          :
FACILITY, THE CITY OF PHILADELPHIA:        NO. 15-5986
```

### O R D E R

AND NOW, this 15th day of December 2015, plaintiff having failed to file a certified copy of his prisoner account statement for the entire six-month period prior to the filing of this civil action on November 4, 2015, as required by 28 U.S.C. § 1915(a), it is ORDERED that:

1.  Plaintiff's motion to proceed *in forma pauperis* is DENIED without prejudice.

2.  If plaintiff seeks to proceed with this case *in forma pauperis*, he shall, on or before January 14, 2016, file a certified copy of his prisoner account statement, showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined during the six-month period from May 4, 2015 to November 4, 2015.

Alternatively, plaintiff may proceed with this case by submitting the $350 filing fee and $50 administrative fee to the Clerk of Court.

If plaintiff submits his inmate account statement to the Court and his motion to proceed *in forma pauperis* is granted, he will be obligated to pay the $350 filing fee over time in

accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).  Once a plaintiff is granted leave to proceed *in forma pauperis*, he is not entitled to recover any money paid toward the filing fee, even if the Court dismisses his case because it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Likewise a plaintiff may not recover any money paid toward the filing fee if the Court dismisses his claims for failure to exhaust administrative remedies or concludes that his recovery is limited by the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e.  As of March 11, 2014, the Philadelphia Prisons Policies & Procedures permit grieving of some placements in temporary beds. If plaintiff claims physical injury, it must be specifically stated in the complaint.

    3.    The Clerk of Court shall CLOSE this case for statistical purposes.

*/s/ Norma L. Shapiro*
**Norma L. Shapiro**
**United States District Judge**